### No. 191

MEDBURY et v. CLEVE.-MAH. VALL. RD. CO.

No. 19520.   Supreme Court

Error to the Mahoning Appeals.   Dock. Dec. 30, 1925; 4 Abs. 24.

**458.   EMINENT DOMAIN—Does the owner have a right to show and the jury to take into consideration every fact that went into the making up the fair market value of land sought to be appropriated?**

This action originated in the Mahoning Probate Court and was a proceeding in behalf of the Cleveland-Mahoning Valley Rd. Co. to assess value of certain land belonging to Frank Medbury and others.

A verdict was returned by a jury in favor of Medbury et al. for $91000 upon which judgment was rendered.   The Common Pleas affirmed this judgment but same was set aside by the Court of Appeals not on the ground that it was excessive, as contended by the Company, but on error of the court in its charge.

The land belonging to Medbury et al, affords the only route for any additional railroad route through the city and this strip of land has been recognized as occupying a position over which an additional railroad route could be established through the City of Youngstown.

The case was taken to the Supreme Court on error and it is contended that "the compensation to the owner of land is to be estimated by reference to the uses for which the property is suitable, having regard to the existing business or wants of the community, or such as may be reasonably expected in the immediate future, and although it is not proper to estimate land condemned for public purposes, it is proper to consider the fact that the propery is so situated that in the open market it will probably be desired and available for such purpose."   This is claimed as the rule applicable to the present case.

It is claimed what the appropriating company would have to pay, would be the fair market value of the property; and in determining such market value, the owner would have a right to show, and the jury the right to consider, every fact that went into making up of that market value.

Unless, it is urged, Medbury was to be entirely deprived of a portion of the value of his property, through the jury not having the right to take into consideration a most material fact that went into making that value, it is inconceivable how the charge of the trial court could have more completely safeguarded the rights of the company upon this point.

It is contended that the availability of property for a given purpose is an element to be considered in arriving at its market value, the market being the true measure of the compensation.

Attorneys—Moore, Barnum & Hammond, for Medbury; Kennedy, Manchester, Conroy & Ford for Company; all of Youngstown.

---

### No. 192

HOZSUCH v. ST. CLAIR CEM. ASSO.

No. 19559.   Supreme Court

On motion to certify.   Dock. Jan. 11, 1926; 4 Abs. 56.

**445.   EASEMENTS—Does a paper writing executed, witnessed and acknowledged by both parties, granting the right to use water from a spring, grant such an interest in land as will bind subsequent purchasers, or is it a mere personal contract?**

The St. Clairsville Cemetery Association was the owner of an easement, evidenced by a paper writing, by virtue of which it had the right to the use of surplus water from a spring located on land belonging to Andy Hozsuch. The Association had the right to enter Hozsuch's premises to maintain and repair a pipe line which carried the water.   In consideration for this easement it was to maintain a fence between its property and the land of Hozsuch and also maintain a trough at the spring for watering stock.   The writing provided that the agreement was to become null and void in the event of failure to maintain the trough and fence.

The Association brought this action originally in the Belmont Common Pleas for an injunction prohibiting Hozsuch from interfering with the easement but did not set up the paper writing in the petition.   A temporary restraining order was granted but upon the hearing of the case it was dissolved.   The Court of Appeals reversed this judgment.

It seems that what Hozsuch commenced to do was to confine the water to a surface channel to relieve his lands from a swampy condition resulting from the overflow from the leaking trough which the Association was to maintain.

Hozsuch in the Supreme Court, contends:

1.   That the action in the Common Pleas was premature because he had done nothing in the way of diverting the water.

2.   That the Association was not using the water or the pipe line "the same as it now is", as provided in the writing.

3.   That the paper did not grant any interest in his lands; that it was simply a contract with a former owner and therefore does not bind him.

4.   That the Association failed to set up in its petition the paper writing which is the basis of the claim and therefore does not justify the legal conclusion that the Association has any interest or easement in the land.

Attorneys—W. K. Kennon for Hozsuch; Thornburg & Lewis for Association; all of St. Clairsville.